ANTONIO JACKVONY *vs.* CAMILLO COLALUCA *et al.*

PROVIDENCE—MARCH 29, 1909.

PRESENT: Dubois, C. J., Johnson, Parkhurst, and Sweetland, JJ.

(1) *Bill of Exceptions.  Accident and Mistake.*

A transcript of evidence was not completed at the time fixed.  Both the stenographer and the attorney assumed that the other would attend to obtaining an extension of time, and nothing was done, and the privilege of prosecuting the exceptions was lost:—

*Held*, that it was not a case of accident or mistake within the provisions of C. P. A., § 473.

*Held*, further, that the fact that the stenographer had procured prior extensions of time was not material.

PETITION for leave to file bill of exceptions under C. P. A., § 473, and denied.

PER CURIAM.   This is the defendants' petition for leave to file their bill of exceptions and transcript of the testimony, under the provisions of C. P. A., § 473; their claim being that they have been prevented from filing the same in due time through accident, mistake, or unforeseen cause.

It appears that at the time fixed for the filing of the transcript of evidence, rulings, etc., in the Superior Court, viz.: December 1, 1908, the stenographer had not completed the same, and consequently it was not delivered to the attorney for the defendants.   In this condition of affairs the stenographer assumed that the defendants' attorney would obtain a further extension of time, and the attorney assumed that the stenographer would attend to the matter.   In consequence of

these erroneous assumptions, nothing whatever was done, and the defendants lost the privilege of prosecuting their exceptions. Can we say that their loss was occasioned by accident, mistake, or unforeseen cause? We think not. It is the duty of an attorney to look out for the interests of his client and see that the necessary steps are taken to secure such rights and privileges as the statutes confer upon litigants. This duty is not performed by delegating the same to another, or by believing that another will do the duty of the attorney for him, even if that other, in fact, has attended to the same previously. The fact that the stenographer had procured prior extensions of time for filing the testimony did not relieve the defendants" attorney from the duty of obtaining an extension of time beyond December 1, 1908, if the same became necessary. See *Haggelund* v. *Oakdale Mfg. Co.*, 26 R. I. 520; *Hartley* v. *R. I. Co.*, 28 R. I. 157.

Petition denied and dismissed.

*Antonio A. Capotosto*, for plaintiff.

*James A. Williams*, for defendant.